

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,615-02

### IN RE WILLIAM WALTER YOUNGSTROM, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. CR12355 IN THE 355TH DISTRICT COURT
### FROM HOOD COUNTY

*Per curiam. Johnson and Alcala, JJ., dissent.*

### O R D E R

Relator has filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contends that he has contacted the District Clerk of Hood County two times to determine how much it will cost him to purchase certified copies of two DVDs which were apparently introduced as evidence at his trial (State's Exhibits 30 and 31), so that he may use them in support of a federal habeas application. Relator alleges that the District Clerk has not responded to his inquiries, and has not advised him of the cost to purchase certified copies of the two exhibits.

On February 10, 2016, this Court ordered the Hood County District Clerk to file a response

by stating whether or not Relator has been advised of the total cost of purchasing certified copies of State's Exhibits 30 and 31 from his trial in cause number CR12355 from the 355th District Court of Hood County, and if not, why not.

On March 2, 2016, this Court received a response from the Hood County District Clerk, stating that the Clerk has not answered Relator's requests for two reasons. First, the Clerk notes that Relator requested that the information be sent to a third party, but did not include a pre-addressed, stamped envelope.

The Hood County District Clerk also cites Section 552.028 of the Texas Government Code for the proposition that the Clerk is not required to respond to a request for information from an incarcerated individual. It is true that Subsection (a) of Section 552.028 states:

(a) A governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility; or

(2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.

However, the Clerk fails to note that Subsection (b) of the statute states:

(b) This section does not prohibit a governmental body from disclosing to an individual described by Subsection (a)(1), or that individual's agent, information held by the governmental body pertaining to that individual.

Relator is seeking information regarding the cost of copies of two exhibits from his trial. This information clearly pertains to Applicant. Therefore, the Hood County District Clerk's reliance on the statute for the proposition that the Clerk has no duty to provide information to incarcerated

individuals regarding their own cases is misplaced. *See also In re Bonilla*, 424 S.W.3d 528, 534 (Tex. Crim. App. 2014) ("A district clerk must provide information to an imprisoned or confined individual or his agent about the amount it would cost to obtain trial and appellate transcripts so that the individual may then pay for them and use them to pursue an application for a writ of habeas corpus.").

However, because the Clerk does not have a ministerial duty to pay the postage or ascertain the address for sending the information to a third party, leave to file is denied.

Filed: April 6, 2016
Do not publish